UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

LUKE M. HUNTON,

    Petitioner,

    v.

STEPHEN SINCLAIR,

    Respondent.

No. CV-06-0054-FVS

ORDER GRANTING PETITIONER'S MOTION FOR RECONSIDERATION, DENYING PETITIONER'S MOTION TO STAY, AND SCHEDULING SUPPLEMENTAL BRIEFING

**THIS MATTER** comes before the Court on Petitioner's request (1) that the Court vacate the portion of the Order Regarding Remand which states that Petitioner is not allowed to amend the petition, and (2) that the Court stay further proceedings in this case pending the resolution of the PRP currently filed in the Washington State Court of Appeals, Division III, which raises four claims not currently raised in his petition before this Court. (ECF No. 73). Petitioner is represented by Matthew A. Campbell. Respondent is represented by John Joseph Samson.

**BACKGROUND**

On July 26, 2011, the Ninth Circuit reversed this Court finding it had erred by ruling that Petitioner's *Brady* claim had been exhausted and by concluding the *Brady* claim was procedurally defaulted. The Ninth Circuit indicated that Petitioner had available to him a remedy by way of the personal restraint petition. (ECF No.

ORDER . . . - 1

67 at 3). The Ninth Circuit remanded the matter to the District Court to address whether the case should be stayed to afford Petitioner an opportunity to exhaust the claim in state court through a personal restraint petition and to determine whether the *Brady* claim is procedurally forfeited on other grounds. (ECF No. 67 at 4-5).

On September 7, 2011, the Court filed an Order Regarding Remand. (ECF No. 69). The Court directed the parties to file supplemental briefing on the issue of whether the case should be stayed to permit Petitioner to exhaust his *Brady* claim and on the issue of whether the *Brady* claim is procedurally barred on other grounds. (ECF No. 69). The Court further indicated that it would not entertain a request to amend Petitioner's habeas petition to raise new claims. *Id.*

On September 21, 2011, Petitioner filed a motion for reconsideration of the Court's Order Regarding Remand and a motion to stay proceedings. (ECF No. 73). Respondent subsequently filed responses in opposition (ECF No. 79 & 84) and Petitioner filed a reply brief on October 11, 2011 (ECF No. 88). Petitioner's motion for reconsideration and motion to stay are now before the Court.

**DISCUSSION**

**I.  Motion for Reconsideration of the Court's Order Regarding Remand**

Petitioner seeks leave from the Court to have the opportunity to argue that he should be allowed to file an amended petition.

The Court agrees with Petitioner that, in this case, precluding a motion to amend prior to its filing is inappropriate. Petitioner should be given an opportunity to present his case. Accordingly, the Court grants Petitioner's motion for reconsideration (ECF No. 73) and

ORDER . . . - 2

vacates the portion of the Court's Order Regarding Remand which states that the Court would not entertain a request to amend (ECF NO. 69).

**II. Motion to Stay Proceedings Pending Resolution of Petitioner's Currently Filed Personal Restraint Petition**

Petitioner requests that the Court stay further proceedings in this case pending the resolution of the PRP currently filed in the Washington State Court of Appeals, Division III. Petitioner's pending PRP, however, raises four new claims which are not raised in his current petition before this Court.

At this time, Petitioner has failed to provide briefing directly addressing whether this case should be stayed to permit Petitioner to exhaust his initial *Brady* claim, the only claim currently before this Court on remand from the Ninth Circuit.[1] Instead, the focus of Petitioner's arguments have been on new claims that are not before this Court. Petitioner's motion to stay further proceedings pending the resolution of the PRP currently filed in the Washington State Court of Appeals, Division III is denied.

The Court being fully advised, **IT IS HEREBY ORDERED as follows:**

1. Petitioner's motion requesting that the Court vacate the portion of the Court's Order Regarding Remand which states that Petitioner is not allowed to amend the petition (**ECF No. 73**) is **GRANTED**.

---

[1] Although Petitioner's reply brief asserts that the initial *Brady* claim is now exhausted and not procedurally defaulted (ECF No. 88 at 13-14), that assertion was only made in the context of Petitioner's argument that the new claims can relate back to the original *Brady* claim. Furthermore, if the remanded *Brady* claim is truly now exhausted, there is no basis for a stay of the current proceedings.

ORDER . . . - 3

2. The portion of the Court's Order Regarding Remand which states that the Court would not entertain a request to amend Petitioner's habeas petition (ECF No. 69) is **VACATED**.

3. Petitioner's motion to stay further proceedings in this case pending the resolution of the PRP currently filed in the Washington State Court of Appeals, Division III, is **DENIED**.

**IT IS FURTHER ORDERED:**

1. The parties are again directed to file supplemental briefing to specifically address whether the case should be stayed to allow Petitioner to exhaust his **initial** *Brady* claim and to address whether that claim is procedurally barred.

2. The new supplemental briefing shall be filed no later than February 10, 2012. Responses may be filed by February 17, 2012, and rely briefs, if any, may be filed by February 24, 2012.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this   19th   day of January, 2012.

                               S/Fred Van Sickle
                               Fred Van Sickle
                     Senior United States District Judge

ORDER . . . - 4