UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LUKE M. HUNTON,<br><br>                    Petitioner,<br><br>     v.<br><br>STEPHEN SINCLAIR,<br><br>                    Respondent. | No. CV-06-0054-FVS<br><br>ORDER DENYING PETITIONER'S<br>MOTION FOR RECONSIDERATION |

   **THIS MATTER** comes before the Court on Petitioner's motion for reconsideration of order regarding remand. (ECF No. 105). Petitioner is represented by Matthew A. Campbell. Respondent is represented by John Joseph Samson.

   **BACKGROUND**

   At the time his petition was filed, Petitioner was in custody at the Washington State Penitentiary in Walla Walla, Washington, pursuant to his 2002 Spokane County conviction for second degree robbery. The Court sentenced Petitioner to life imprisonment without the possibility of parole pursuant to Washington's Persistent Offender Accountability Act. On February 16, 2006, Petitioner filed a Petition For Writ of Habeas Corpus in this Court challenging his 2002 Spokane County conviction. (ECF No. 1). His petition was dismissed on December 23, 2008. (ECF No. 41).

ORDER . . . - 1

On January 8, 2009, Petitioner appealed from the District Court's decision. (ECF No. 43). On July 26, 2011, the Ninth Circuit reversed the District Court finding it had erred by ruling that Petitioner's *Brady* claim had been exhausted and by concluding the *Brady* claim was procedurally defaulted. (ECF No. 67). The Ninth Circuit remanded the matter to the District Court to address whether the case should be stayed to afford Petitioner an opportunity to exhaust the claim in state court through a personal restraint petition and to determine whether the *Brady* claim is procedurally forfeited on other grounds. (ECF No. 67 at 4-5).

On March 27, 2012, the Court dismissed the remanded *Brady* claim because Petitioner had not properly exhausted the claim and procedural default prevented Petitioner from doing so. (ECF No. 104). Petitioner now moves for reconsideration of that order. (ECF No. 105).

**DISCUSSION**

Petitioner argues that reconsideration is appropriate in light of the Supreme Court's recent decision in *Martinez v. Ryan*, 566 U.S. ___, 2012 WL 912950 (Mar. 20, 2012).

Reconsideration is available under Rule 60(b) upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief. Fed.R.Civ.P. 60(b).

In *Martinez*, the Supreme Court has changed the rules relating to procedural default with respect to ineffective assistance of counsel

claims.[1]  However, as admitted by Petitioner, while the claim at issue in *Martinez* was an ineffective assistance of counsel claim, the claim at issue in the instant matter is a *Brady* claim.  (ECF No. 106 at 5). Contrary to Petitioner's argument that *Martinez* should apply to *Brady* claims in the same manner it applies to *Strickland* claims, the holding of *Martinez* deals strictly with ineffective assistance of counsel claims.  Petitioner fails to persuade the Court that *Martinez* is applicable to *Brady* claims.

　　Petitioner has demonstrated no new or different facts or circumstances, newly discovered evidence, or mistake, inadvertence, surprise, or excusable neglect to warrant reconsideration.  Nor has Petitioner established any other reason justifying relief.  Petitioner thus fails to present a valid basis for the Court to reconsider its prior order dismissing the petition.

　　Based on the foregoing, **IT IS HEREBY ORDERED** Petitioner's motion for reconsideration (**ECF No. 105**) is **DENIED**.

　　**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel for Petitioner and Respondent.

　　**DATED** this   23rd   day of April, 2012.

　　　　　　　　　　　　　　S/Fred Van Sickle
　　　　　　　　　　　　　　Fred Van Sickle
　　　　　　　　　　　Senior United States District Judge

---

[1] The *Martinez* case holds that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of counsel."  *Martinez*, 2012 WL 912950 at *5.

ORDER . . . - 3